UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:15-CR-24-GFVT-HAI |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| JAMES TRAVIS CARNES, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers a reported supervised release violation by Defendant James Travis Carnes. District Judge Van Tatenhove entered a judgment against Defendant on June 30, 2016, following a plea of guilty to a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). D.E. 50. Defendant was originally sentenced to eighty-four months of imprisonment and a three-year term of supervised release. *Id.* at 2–3.

Defendant was released from custody to begin service of his three-year term of supervised release on November 4, 2021. Subsequently, Defendant violated the terms of his supervised release by using a controlled substance in violation of applicable laws. D.E. 66 at 1-2. Due to that violation, Defendant's supervised release was revoked, and he was sentenced to a term of imprisonment of eighteen months followed by an eighteen-month period of supervised release. D.E. 71. After serving the term of imprisonment associated with that revocation sentence, Defendant was released to begin serving the term of supervised release on July 20, 2023.

On October 2, 2023, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on October 3, 2023. Defendant was arrested on October 27, 2023. The Report charges

Defendant with one violation stemming from his arrest on September 28, 2023, that occurred after he visited the grave of his recently deceased mother. Violation #1 alleges that Defendant violated Mandatory Condition #1 by committing several state crimes, specifically violating Kentucky Revised Statute 189A.010(5A), Kentucky Revised Statute 189.580(1)(A), Kentucky Revised Statute 189.530(2), Kentucky Revised Statute 512.030, Kentucky Revised Statute 304.39-080, and Kentucky Revised Statute 508.030. He allegedly drove drunk into a yard, struck a female, and damaged property. This is a Grade C violation.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on November 28, 2023. D.E. 74. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on December 19, 2023, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 80. Defendant waived a formal hearing and stipulated to the violation set forth in the Report. *Id.* The Court found Defendant to be competent to stipulate to the violation and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his

supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade C violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3).

The government recommended a sentence of eighteen months imprisonment and no additional term of supervised release. The government recounted the previous violation, noting that the Court cautioned Defendant that future violations would result in a lengthy prison sentence. The government argued that while the previous violation was a grade B, and this is merely a grade C, the underlying facts of this violation were just as serious as the previous violation. The government pointed out that Defendant's current violation was related to his initial offense because both were related to substance abuse. Further, the government drew attention to a 2011 conviction that arose from facts similar to the conduct forming the basis for this supervised release violation. The government recognized that its recommendation was a four-month variance above the Guidelines range, but argued that such a variance was justified due to the grace afforded Defendant after his previous supervised release violation. The government also stated that it would have recommended a longer term of imprisonment had Defendant not taken responsibility for his actions by stipulating to the violation.

Defense counsel acknowledged that his personal opinion was that Defendant should have joined the government's recommendation. But defense counsel acknowledged that Defendant did not want to join that recommendation. On Defendant's behalf, defense counsel argued for a fourteen-month term of imprisonment followed by a four-month term of supervised release. Defense counsel explained that Defendant had visited his recently deceased mother's grave on the day that the violation had occurred. Defense counsel conveyed that Defendant got drunk due to struggling with his mother's death. Still, defense counsel acknowledged that the violation was a

3

serious breach of the court's trust and recognized that anything less than an eighteen-month term of imprisonment would likely be accompanied by a subsequent period of supervised release.

Defendant chose to address the Court. Defendant acknowledged that he was drunk on the day in question, and that he was going through a tough time due to his mother's death. Defendant explained that he does not think that he will mess up again if placed on supervised release. Defendant conveyed that he just went crazy when he went to his mother's grave at the cemetery.

## II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 18 U.S.C. § 922(g)(1) is a Class C felony. *See* 18 U.S.C. §§ 922(g); 18 U.S.C. § 3559(a)(3). For a Class C felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to the violation. Given Defendant's criminal history category of VI (the category at the time of his conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months. *See* U.S.S.G. § 7B1.4(a). Both parties

agreed to this calculation of the range. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

### III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to a seventeen-month term of imprisonment followed by no supervised release.

First, the Court considers the nature and circumstances of the underlying offense. Here, Defendant's underlying offense is serious. It involves a violation of the country's firearm laws, which are designed to protect the public from dangerous individuals. It also evidences disrespect for the rule of law. This factor supports imposing a longer sentence.

The Court next considers Defendant's history and characteristics. Defendant's conduct demonstrates that he lacks maturity. Defendant is much older than the age at which his immaturity would be acceptable. That immaturity has led him to act in ways that are dangerous to the public. Although Defendant's medical condition is serious, and the loss of his mother is tragic, it does not excuse his unlawful conduct. This factor supports imposing a longer term of imprisonment.

The need to deter criminal conduct, both for Defendant and society, and the need to protect the public from further crimes heavily influences the Court's recommended sentence. Defendant's criminal history placed him at a criminal history category of VI at just age 28, and multiple prior efforts to avoid more dangerous criminal conduct have failed, meaning the public can effectively

only be protected from him through his incarceration. This factor supports imposing a longer term of imprisonment.

The Court must also consider whether a defendant needs any education, training, or treatment. Defendant explained that his medical condition has led to difficulties with jail staff. Defendant therefore asked for a designation to a federal medical facility. Defendant's Crohn's Disease supports such a designation. Other than making that designation, this factor is neutral.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation). Here, the Court's previously leniency justifies an above-Guidelines term of imprisonment. When the Court recommended that Defendant receive a below-Guidelines sentence for his previous violation, the Court "cautioned Defendant that further violations will result in a recommendation for a lengthy term of incarceration." D.E. 66 at 13. All the same, Defendant subsequently violated again.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. Here, a further period of supervised release would be unwarranted. Defendant cannot benefit from more supervised release, as his experience with supervised release thus far indicates. The resources of the USPO are better used elsewhere.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary

6

issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Here, Defendant has violated the terms of his supervised release for a second time. This is a severe breach of the Court's trust, particularly after the Court showed leniency after Defendant's first violation. Defendant's breach of trust counsels requiring a longer term of imprisonment.

Having considered the above-discussed factors, the Court finds that a term of imprisonment of seventeen months is sufficient but not greater than necessary to address the 18 U.S.C. § 3553(a) factors that are imported into the § 3583(e) analysis. The Court arrives at this term by adding the three months that were taken off the bottom of his range at the prior revocation to the top of his current range, and finds the term is required to address the breach of trust and protect the public.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violation;

(2) Revocation and imprisonment for a term of seventeen months;

(3) Designation to a federal medical facility equipped to treat Defendant's Crohn's Disease; and

(4) No further period of supervised release to follow Defendant's seventeen month term of imprisonment.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 80. Any waiver should comport with the Court's standard waiver form, available from the

Clerk.  Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 21st day of December, 2023.

Signed By:
Hanly A. Ingram
United States Magistrate Judge